UNITED STATES of America

v.

**James SMALL, Appellant.**

**No. 93–3161.**

United States Court of Appeals, District of Columbia Circuit.

April 12, 1996.

Before: EDWARDS, Chief Judge, HENDERSON and ROGERS, Circuit Judges.

*ORDER*

PER CURIAM.

Upon consideration of appellee's motion to amend opinion, filed March 15, 1996, it is

ORDERED that the motion is denied.

A separate statement filed by Chief Judge EDWARDS concurring in the denial of the motion is attached.

HARRY T. EDWARDS, Chief Judge:

The Government, in its motion seeking amendment of our opinion in *United States v.*

*Small,* 74 F.3d 1276 (D.C.Cir.1996), points to three instances where the court criticizes the conduct of the prosecutor during the trial, and argues that these criticisms unfairly suggest that the prosecutor acted in bad faith. Although the court today denies the motion to amend, I write because I wish to emphasize that there is nothing in the court's opinion accusing the prosecutor of bad faith. Indeed, bad faith was not in any respect the issue before the court; the question concerned whether the prosecutor's actions denied appellant his right to a fair trial. As the court's opinion notes, under *Gaither v. United States,* 413 F.2d 1061, 1079 (D.C.Cir.1969), the prosecutor's good faith was irrelevant. 74 F.3d at 1280.

To the extent that the Government reads a sense of dismay on the court's part regarding the prosecutor's conduct, such a tone does not suggest bad faith, but rather expresses our view that it is unhelpful to have cases cut so close to the line of questionable practices. Obviously, the appellate process is smoother for all concerned if the trial lawyers are especially careful not to stray into questionable territory that might lead to a problem on appeal. Nevertheless, just as we do not malign defense attorneys when we state that they have not preserved an issue for appeal, so too our comments in this case do not malign the integrity of the prosecutor.

As to the specific objections raised by the Government, it is understandable that the prosecutor may view as unduly harsh the court's statement expressing "doubt about whether the prosecutor ever intended to introduce the previewed evidence" regarding the Amtrak reservation form. *Id.* at 1283. The Government points to transcript pages indicating that the prosecutor believed she could introduce the Amtrak form as nonhearsay. However, this material is unresponsive to the court's concerns. What is troubling to the court is the prosecutor's seeming unpreparedness to meet obvious defense objections; it is this that raises the doubt about whether the prosecutor ever intended to introduce the form. The District Court allowed the prosecutor to introduce background information, including a description of the type of information on the form,

through the inspector's testimony. Hence, it was virtually inevitable that the prosecutor's subsequent assertion that she sought to introduce the form for non-hearsay purposes would be met by defense objections. The voir dire of the investigator shows that he had no personal knowledge about the information in the form. Moreover, the Government's motion does not contest that the prosecutor was unprepared to introduce the form as a business record. Surely in the face of this record, it is hardly surprising that the court voiced some concerns, albeit no accusation of bad faith.

The Government also argues that the prosecutor intended to introduce evidence regarding Mr. Small's "confessional" statement, but somehow forgot to do so. However, the court's opinion on this point states only that the prosecutor "did not attempt to introduce that evidence" during the trial. *Id.* Because there is no question that the court's statement is factually correct (and the Government concedes that the prosecutor neglected to introduce the evidence in question), the court's opinion on this point needs no amendment. There is no basis to interpret the court's decision as implying that the prosecutor acted in bad faith by referring to the evidence in her opening statement to the jury.

Finally, I am willing to assume that the District Court was less than clear in its directives regarding the permissible scope of the prosecution's opening statement and did not rule that *all* profile evidence was to be excluded. Therefore, I do not believe the court's opinion properly can be read to imply that the prosecutor purposely disobeyed an explicit instruction from the bench.

The members of this court take very seriously their obligation to address cases based on the records before us. In doing this, we have occasion to provide guidance to district court judges, members of federal agencies, and attorneys who have helped to create the records that are the subject of our review. We even have occasion to admonish (where we feel it is due)—not to humiliate or defame, but to urge counsel to adhere to practices that will ensure that justice is done. Our admonishments in this case were made

in that spirit, not as *ad hominem* attacks designed to impugn the integrity of the trial prosecutor in this case.